**Schwartz Hannum PC**
11 Chestnut Street
Andover, Massachusetts 01810
(978) 623-0900
William E. Hannum III (BBO #643155)
Shelley A. Costantino (BBO #640651)

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHELIA CARRARA, | # 04-10591 RWZ |
| Plaintiff, | U.S.D.C. No. _____ |
| | ~~MAGISTRATE JUDGE~~ _Bowler_ |
| vs. | Hon. _____ |
| DANSKIN, INC., | |
| Defendant. | **NOTICE OF REMOVAL** |

```
RECEIPT #        54855
AMOUNT $         150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE            3-26-04
```

TO:     Andrea C. Dow
        John N. Lewis
        Dow & Lewis, P.C.
        21 Merchants Row
        5th Floor
        Boston, MA 02109

        Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule 81.1, Defendant Danskin, Inc. ("Danskin") by its attorneys Schwartz Hannum PC, give notice of the removal of this action to the United States District Court for the District of Massachusetts from the Superior Court Department for the Commonwealth of Massachusetts, Suffolk County. In support of its Notice of Removal, Defendant states as follows:

1.    On or about March 3, 2004, Plaintiff Ophelia Carrara ("Plaintiff") commenced an action in the Superior Court Department for the Commonwealth of Massachusetts, Suffolk County, Docket No. 04-0880, by the filing of a Complaint, entitled "Ophelia Carrara vs. Danskin, Inc." True and correct copies of the Service of Process, Summons and Complaint are attached hereto as Exhibit A.

2.    Defendant Danskin was served with the Summons and Complaint by mail on March 3, 2004, and received such Summons and Complaint on March 8, 2004. Copies of the Service of Process, Summons and Complaint are attached to this Notice and constitute all process, pleadings and orders served upon Defendant in this action to date.

3.    This Court has original "diversity" jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy is a civil action between citizens of different states in which the amount in controversy exceeds $75,000. In this regard, Plaintiff is a citizen of Massachusetts (see Complaint ¶ 1); and Defendant is not a citizen of Massachusetts, as it is neither incorporated in nor has its principal place of business in Massachusetts. (See Complaint ¶ 3). Moreover, Plaintiff, in her Complaint, has claimed actual damages (including lost income and benefits from the date her employment was terminated on March 17, 2001), punitive damages, emotional distress damages, reasonable attorneys'

fees, and such other relief as the Court deems just and appropriate, all of which place the amount in controversy in excess of $75,000. Therefore, the above-described matter is removable pursuant to 28 U.S.C. § 1441(a).

4.     This Notice of Removal is timely filed within thirty (30) days after the receipt by Defendant of a copy of the pleading, motion, order or other paper from which it could first be ascertained that the case has become removable, and within one year of the date the action was commenced, pursuant to 28 U.S.C. § 1446(b).

5.     Notice of Removal has been served upon Plaintiff's counsel by overnight mail and is being filed with the Clerk of the Court of the Superior Court Department for the Commonwealth of Massachusetts, Suffolk County, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending against it in the Superior Court Department for the Commonwealth of Massachusetts, Suffolk County, be removed to the United States District Court for the District of Massachusetts.

Dated: March 25, 2004

SCHWARTZ HANNUM PC
Attorneys for Defendant Danskin, Inc.


By:     William E. Hannum III
William E. Hannum III (BBO #643155)
Shelley A. Costantino (BBO #640651)
11 Chestnut Street
Andover, MA 01810
(978) 623-0900

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by overnight mail on this 25th day of March, 2004.

_Shelley A. Costantino_
Shelley A. Costantino