**Schwartz Hannum PC**
11 Chestnut Street
Andover, Massachusetts 01810
(978) 623-0900
William E. Hannum III (BBO #643155)
Shelley A. Costantino (BBO #640651)

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **OPHELIA CARRARA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DANSKIN, INC.,**<br><br>Defendant. | Docket No. |

### DEFENDANT DANSKIN, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Danskin, Inc. ("Danskin"), by and through its attorneys, Schwartz Hannum PC, and hereby respectfully answers the Complaint of Ophelia Carrara ("Plaintiff") as follows:

### PARTIES

1.  Danskin lacks sufficient knowledge or information to form a belief as to the truth of and therefore denies the allegations in Paragraph 1.

2.  Danskin lacks sufficient knowledge or information to form a belief as to the truth of and therefore denies the allegations in Paragraph 2.

3.  Danskin lacks sufficient knowledge or information to form a belief as to the truth of and therefore denies the allegations in Paragraph 3.

4. Danskin admits the allegations in Paragraph 4.

5. Danskin admits the allegations in Paragraph 5.

## JURISDICTION

6. Danskin admits that Plaintiff filed a Charge of race, national origin and age discrimination with the Massachusetts Commission Against Discrimination ("MCAD") in or about May, 2001. Danskin lacks sufficient knowledge or information to form a belief as to the truth of and therefore denies the remainder of the allegations in Paragraph 6.

7. Danskin admits that more than ninety (90) days have passed since Plaintiff filed her Charge of Discrimination with the MCAD. Danskin lacks sufficient knowledge or information to form a belief as to the truth of and therefore denies the remainder of the allegations in Paragraph 7.

## GENERAL ALLEGATIONS

8. Danskin admits that Danskin hired Plaintiff to work at its Boston, Massachusetts retail store on January 2, 2001. Danskin denies the remainder of the allegations in Paragraph 8.

9. Danskin admits that Cynthia Troiano, the Store Manager of Danskin's Boston, Massachusetts retail store voluntarily resigned her position in January, 2001. Danskin denies the remainder of the allegations in Paragraph 9.

10. Danskin denies the allegations in Paragraph 10.

11. Danskin admits that in or about February, 2001, it hired a 29-year old white female as Store Manager of its Boston, Massachusetts retail store. Danskin denies the remainder of the allegations in Paragraph 11.

12. Danskin denies the allegations in Paragraph 12.

13. Danskin denies the allegations in Paragraph 13.

14. Danskin admits that on March 16, 2001, the District Manager and Store Manager for Danskin's Boston, Massachusetts retail store terminated Plaintiff's employment for repeated incidents of insubordination. Danskin denies the remainder of the allegations in paragraph 14.

### FIRST CLAIM FOR RELIEF
### (M.G.L. 151B Claim)

15. Danskin denies the allegations in Paragraph 15.

16. Danskin denies the allegations in Paragraph 16.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Plaintiff is barred from recovering some or all of the damages claimed in the Complaint as a matter of law or because Plaintiff has failed to mitigate damages, no damages having been caused by Danskin in any event.

#### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust and/or satisfy all appropriate administrative and/or internal remedies and procedures before filing her Complaint.

3

### Fourth Affirmative Defense

If Plaintiff sustained any damage, as alleged, such damage was caused by or contributed to, in whole or in part, by Plaintiff's own actions or omissions.

### Fifth Affirmative Defense

Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law.

### Sixth Affirmative Defense

Danskin expressly reserves the right to assert additional defenses as discovery in this matter progresses.

WHEREFORE, Danskin respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint with prejudice;

B. Enter judgment in favor of Danskin and against Plaintiff with prejudice on each count of the Complaint;

C. Award Danskin its costs, expenses including reasonable attorneys' fees and other appropriate costs in obtaining such dismissal and/or judgment; and

D.  Grant Danskin such other and further relief as this Court deems just and appropriate.

Dated: March 25, 2004

**SCHWARTZ HANNUM PC**
Attorneys for Defendant Danskin, Inc.

By: *William E. Hannum III*
William E. Hannum III (BBO #643155)
Shelley A. Costantino (BBO #640651)
11 Chestnut Street
Andover, MA 01810
(978) 623-0900

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by overnight mail on this 25th day of March, 2004.

*Shelley A. Costantino*
Shelley A. Costantino

Answer.doc